ROBERTA STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
DEBRA A. SMITH, SBN 147863 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (415) 522-3034
Fax No. (415) 522-3425
Debra.Smith@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ELITE WIRELESS GROUP, INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**Civil Rights – Employment Discrimination**<br><br>**DEMAND FOR JURY TRIAL** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, as amended, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to a former female employee (Charging Party) who was adversely affected by such practices and filed a Charge of Discrimination, No. 555-2018-00367.  The U.S. Equal Employment Opportunity Commission (EEOC or Commission) alleges that Elite Services Group, Inc. (Defendant) subjected Charging Party to unlawful discrimination based on her sex.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) (Title VII); and

1. Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of California.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) ad (3).

4. Defendant Elite Wireless Group, Inc., is a California corporation, doing business in the state of California, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701 (b), (g) and (h) of Title VII, 42 U.S.C. § 2000e (b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty (30) days prior to the institution of this lawsuit, Charging Party filed a charge with the Commission alleging that Defendant discriminated against her in violation of Title VII on the basis of her sex.

7. By letter dated August 19, 2019, the Commission issued Defendant a Determination finding reasonable cause to believe that Defendant violated Title VII.

8. On August 19, 2019, the Commission invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission communicated with Defendant to provide Defendant an opportunity to remedy the discriminatory practices described in its Determination letter.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. By letter dated September 13, 2019, the Commission issued to Defendant a notice that efforts to conciliate were unsuccessful and that further conciliation efforts would be futile or non-productive.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF CLAIMS**

13. Since about October 2017, Defendant has engaged in unlawful practices of sex discrimination in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by subjecting Charging Party to harassment.

14. Defendant hired Charging Party as a sales clerk in its Arden Fair Mall store in March 2017.

15. On or about July 16, 2017, Defendant transferred a new Store Manager to the Arden Fair Mall store where he directly supervised Charging Party.

16. In September 2017, Defendant awarded Charging Party "Employee of the Month." Charging Party was consistently a high performer.

17. In October 2017, Defendant's new Store Manager began making unwanted comments to Charging Party once or twice per day, at least four days a week, at the Arden Fair Mall store when they worked the same shifts.

18. Defendant's new Store Manager also sent Charging Party a Facebook "friend" request and tried to add her to his Instagram and Snapchat accounts.

19. In early November, Charging Party verbally reported to Defendant's District Sales Manager, who oversaw the Arden Fair Mall store, that its new Store Manager was acting weird and saying weird things to her, such as asking her to hang out and to hook up with him.

20. Defendant's District Sales Manager disregarded Charging Party's complaint by laughing it off, stating that the Arden Fair Mall Store Manager was probably just joking and not being serious.

21. On or about November 19, 2017, Defendant held its holiday party which Charging Party, the Arden Fair Mall Store Manager and other staff members attended. Everyone was drinking and celebrating the staff's accomplishments for the year.

22. After the party ended, Defendant's Store Manager invited staff back to a hotel room he had rented, where everyone continued drinking and celebrating.

23. Charging Party's co-workers began leaving Defendant's Store Manager's hotel room

about a half hour past midnight. Charging Party texted her boyfriend for a ride home. The last of her co-workers left the hotel room before Charging Party's boyfriend arrived to pick her up.

24. As soon as they were alone, Defendant's Store Manager sexually assaulted Charging Party.

25. Charging Party continued fighting off her Store Manager's assault until she could escape. With her Store Manager in close pursuit, Charging Party ran out of the hotel and into the parking lot where her boyfriend was waiting.

26. Charging Party went to the Police Department the next morning to file a criminal report. The medical examiner found five bruises on her body.

27. Charging Party called Defendant's CEO to report the assault right after she left the Police Department. The following day, November 21, 2017, she emailed him again to report that she had filed a criminal report with the Police Department.

28. As a result of the physical and emotional toll the assault wreaked upon her, Charging Party requested, but was denied, leave. As a result, she was forced to work the next few days at the Arden Fair Mall store.

29. Despite Charging Party's report that her Store Manager had assaulted her, Defendant did not immediately separate the Store Manager from Charging Party. Instead, Defendant told her that it could not transfer her attacker because he was the Store Manager, which was also its explanation, later, for transferring Charging Party to its store in Woodland, California, which was 45-miles from her home, increasing both the time and expense of her commute.

30. Defendant transferred Charging Party on or about the third week of November 2017. Emotionally and psychologically traumatized by the assault, Charging Party was tardy and absent at times in December. The Store Manager at its Woodland facility gave Charging Party verbal and written warnings during December 2017.

31. On or about December 21, 2017, Defendant's CEO and District Sales Manager visited the Woodland store and informed Charging Party that its Human Resources Manager had investigated her sex harassment complaint but found no evidence to corroborate her allegations. Defendant further asserted that it was not responsible for anything that might have happened to

1  Charging Party after hours, away from work premises, or during time over which it had no control.

2      32.    On December 26, 2017, Defendant's Woodland Store Manager gave Charging Party a
3  final written warning for four tardies and four absences during the month, including a No Call/No
4  Show on December 24.  On December 29, Defendant disciplined Charging Party for clocking in 17
5  minutes late and fired her, citing repeated violations of the company's attendance policy.

6      33.    The effects of the practices complained of in paragraphs 15 - 32 have been to deprive
7  Charging Party of equal employment opportunities and, otherwise, adversely affect her status as an
8  employee because of her sex.

9      34.    The unlawful employment practices complained of in paragraphs 15 - 32 above were
10 intentional and were carried out with malice and/or reckless indifference to the federally protected
11 rights of Charging Party.

12     35.    The effects of the practices complained of in paragraphs 15 - 32 have been to inflict
13 emotional pain, suffering and inconvenience upon Charging Party.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully request that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in sex discrimination against employees, and engaging in any other employment practices that discriminate on the basis of sex.

B. Order Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for all employees, and that eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Charging Party, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay, lost benefits and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above,

including job search expenses and medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Charging Party by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,


BY: */s/ Roberta L. Steele*
    Roberta L. Steele
    Regional Attorney

BY: */s/ Marcia L. Mitchell*
    Marcia L. Mitchell
    Supervisory Trial Attorney

BY: */s/ Debra A. Smith*
    Debra A. Smith
    Senior Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (415) 522-3034
Fax No. (415) 522-3425
debra.smith@eeoc.gov

*Attorneys for Plaintiff EEOC*

SHARON FAST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

Office of the General Counsel
131 "M" Street NE
Washington, D.C. 20507