UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ELITE WIRELESS GROUP, INC.,<br><br>Defendant. | No. 2:19-cv-02187-MCE-CKD<br><br>ORDER SETTING ASIDE DEFAULT<br><br>(ECF No. 12) |

Presently before the court is defendant's motion to set aside the Clerk's entry of default. (ECF No. 12.) Plaintiff has filed an opposition and defendant has filed a reply. (ECF Nos. 13, 14.) The court held a hearing on the matter on September 30, 2020; plaintiff was represented by attorneys Debra Smith and Rebecca Steele, and defendant was represented by attorney Jim Burns. For the reasons set forth below, the court GRANTS defendant's motion.

**BACKGROUND**

Plaintiff filed the complaint in this matter on October 29, 2019, alleging that in 2017 defendant, Elite Wireless Group, Inc., violated Title VII by discriminating against its former employee ("Former Employee") on the basis of sex. (ECF No. 1.) Plaintiff further asserts that a former manager of Elite Wireless made unwanted sexual advances toward Former Employee and later sexually assaulted Former Employee. (Id. at 3-4.) The alleged assault occurred after defendant's holiday party, in the former manager's private hotel room. (Id. at 4.) Former

1

Employee filed a police report, but no charges were filed. (Id.) Former Employee was subsequently transferred and fired from her position. (Id. at 4-5.)

The parties agree that there were settlement negotiations before plaintiff filed the present suit. (See ECF Nos. 1 at 2 (noting the parties discussed "informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief"); 12-1 at 1 ("The EEOC investigated this matter and negotiated with [defendant] regarding a potential settlement for the better part of two years prior to filing the complaint.").) Plaintiff filed suit on October 29, 2019 and asserts that defendant was served on January 17, 2020. (ECF No. 6.) Plaintiff requested the Clerk of Court enter default in its favor on March 6, 2020, which the Clerk entered on March 10, 2020. (ECF Nos. 7, 9.) Plaintiff then filed an amended certificate of service, attesting that the entry of default was served on defendant. (ECF No. 10.) Plaintiff has not filed a motion for default judgment.

Defendant, for its part, indicates that it ceased operations in February 2020 and has "transferred much of its assets to another operator." (ECF No. 12 at 3.) Defendant also states that plaintiff "abruptly terminated" negotiations around October 20, 2019. (Id.) While defendant states that between January and March 2020 the parties had continuing settlement negotiations, and it was counsel's "understanding that a default would not be entered while settlement discussions were ongoing," (id.) plaintiff denies that such negotiations occurred, (ECF No. 13 at 7-8 ("The parties had no settlement discussions between October 28, 2019, when the EEOC informed [counsel] of its plans to file suit, and May 7, 2020.").) Defendant further asserts it had an answer prepared prior to the Clerk entering default, but it was never filed. (ECF No. 12-1 at 2.) On August 14, 2020, more than five months after the Clerk entered default, defendant filed the present motion to set aside.

**DISCUSSION**

Under Rule 55(c), the court may set aside entry of default by the Clerk of the Court for "good cause" shown. "Good cause" in this context is determined by three factors: whether the defendant's culpable conduct led to the default; whether the defendant does not have a meritorious defense; and whether setting aside the default would prejudice the plaintiff. TCI Grp.

2

Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

A finding that any one of these factors is true is a sufficient reason for a court to refuse to set aside a default. United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). However, a court may, within its discretion, grant relief from default even after finding one of the "good cause" factors to be true. See, e.g., Brandt, 653 F.3d at 1112 ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, *but need not*") (emphasis added). "The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment." O'Connor v. State of Nev., 27 F.3d 357, 364 (9th Cir. 1994). The factors are more liberally applied with respect to a request to set aside the entry of default, because "there is no interest in the finality of the judgment with which to contend." Mesle, 615 F.3d at 1091 n.1 Additionally, the Ninth Circuit has emphasized that resolution of a motion to set aside the entry of default is necessarily informed by the well-established policies favoring resolution of cases on their merits and generally disfavoring default judgments. See Mesle, 615 F.3d at 1091 ("Crucially, . . . judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits") (citations and quotation marks omitted); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible."). With the above principles in mind, the court turns to the "good cause" factors enumerated above.

Culpable Conduct

Defendant asserts that its "failure to timely answer was not willful as Defendant's counsel did not believe a default would be entered without notice, and in fact an answer had already been prepared." (ECF No. 12 at 5.) Defendant further asserts the active settlement discussions between the parties, and the fact that it accepted service, demonstrate a lack of culpable conduct on its part. (Id.)

Plaintiff argues that it properly served defendant—who did not waive service as it alleges—and defense counsel admitted he needed to file an answer, but failed to do so. (ECF No.

3

13 at 7.)  Additionally, plaintiff states that the parties were *not* involved in settlement negotiations during the relevant time.  (Id. ("The parties had no settlement discussions between October 28, 2019, when the EEOC informed [counsel] of its plans to file suit, and May 7, 2020.").)

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer."  TCI Group, 244 F.3d at 697.  In the default judgment context, "culpable" involves "not simply nonappearance following receipt of notice of the action, but rather conduct which hinder[s] judicial proceedings[.]"  Id. at 698 (internal quotation marks omitted).  Central to this inquiry is whether a party failed to respond in order to "obtain a strategic advantage," which would further evidence bad faith.  Id.  Similarly, "a defendant's neglectful failure to answer, without more, is typically not 'culpable' unless there is no explanation of the default inconsistent with a devious, willful, or bad faith failure to respond."  Id. (internal quotation marks omitted).

Here, while defense counsel's failure to answer is certainly careless and negligent, the court finds that counsel's actions do not suggest "an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process."  Mesle, 615 F.3d at 1092.  To be sure, counsel should have found a way (if he was not admitted yet to this court) to protect his client's interest by filing a responsive pleading.  However, the parties agree that they were in communication with one another, had previously discussed settlement negotiations, and exchanged some documents prior to plaintiff filing suit.  While plaintiff is correct that it was under no obligation to provide defendant with notice of its intention to bring default proceedings, defense counsel's actions demonstrate that he was not intentionally attempting to gain a strategic advantage or otherwise proceed in bad faith.  Rather, from the record before the court, it appears that counsel's actions were negligent and careless.  Therefore, the court finds that defendant's conduct was not culpable as defined above.

Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense.  But the burden on a party seeking to vacate a default judgment *is not extraordinarily heavy*."  TCI Group, 244 F.3d at 700 (emphasis added, citations omitted).  To

4

1  satisfy the "meritorious defense" requirement a party must allege sufficient facts that, if true,
2  would constitute a defense: "the question whether the factual allegation [i]s true" is not to be
3  determined by the court when it decides the motion to set aside the default.  Id.  Rather, that
4  question "would be the subject of the later litigation."  Id.

      Defendant raises the following as meritorious defenses:

> (a) the alleged incidents did not occur, (b) the alleged hotel incident that is the primary event behind the lawsuit occurred in the late hours on a weekend and was not in any way related to the Defendant company's event, (c) any contact between the alleged perpetrator and claimant were consensual, (d) the complainant filed a police report and the police did a brief investigation without ever filing charges, closing the file, and (e) if the alleged facts in the complaint were found to constitute actionable conduct, the employer is not liable because all acts constituted independent, intentional acts by the alleged prior employee perpetrator, whom the Defendant company terminated long ago.

(ECF No. 12 at 5.)

      While plaintiff argues that defendant must put forth "specific facts" to constitute a meritorious defense, plaintiff overlooks the "minimal" standard mentioned above.  Defendant, in its opposition and answer, asserts that the hotel incident occurred outside of the knowledge or control of the company and that any contact was consensual.  (ECF Nos. 12 at 5; 12-1.)  Those assertions, if true, would presumably constitute a defense to the present action.  Similarly, plaintiff's assertion that facts constituting a meritorious defense *must* be contained in affidavits, not the moving papers, is unpersuasive.  Yet again, this argument overlooks the "minimal" standard adopted by the Ninth Circuit.  See e.g., Precision Glassworks, Inc. v. Ghannam, 2016 WL 2641475, at *2 (N.D. Cal. May 10, 2016) (allegations in the moving papers sufficient to demonstrate meritorious defenses); Huerta v. Akima Facilities Mgmt., LLC, 2017 WL 783686, at *4 (N.D. Cal. Mar. 1, 2017) (even assuming an affidavit should be excluded, facts alleged in a motion sufficient to establish meritorious defense to set aside default).

      No discovery has yet been conducted at this early stage of the case, and the record is essentially undeveloped with respect to the merits of plaintiff's claims or defendant's potential defenses.  At a minimum, the present record certainly does not affirmatively show the absence of a meritorious defense.  As such, this factor does not counsel in favor of denying defendant's

1  request to set aside the default.

2  Prejudice

3  "To be prejudicial, the setting aside of a judgment [or clerk's entry of default] must result
4  in greater harm than simply delaying resolution of the case." Mesle, 615 F.3d at 1095.  Here,
5  there is no indication that plaintiff's ability to pursue its claim will be hindered by the delay in
6  setting aside the Clerk's entry of default.  Moreover, the delay involved here is not so long as to
7  militate in favor of denying defendant's motion: defendant filed the present motion to vacate
8  approximately five months after default was entered, and before plaintiff requested a default
9  judgment.

10  In sum, taking all of the factors into consideration, the court finds that defendant has
11  shown good cause to set aside the Clerk's entry of default

12  Attorneys' Fees

13  Finally, plaintiff requests attorneys' fees.  A court's decision whether to award attorneys'
14  fees is discretionary.  Lac v. Nationstar Mortg. LLC, 2016 WL 4055041, at *7 (E.D. Cal. July 27,
15  2016).  "The ability to impose a reasonable condition, such as payment of attorney fees, allows
16  the Court to balance any undue prejudice to the moving party against the Court's preference for
17  resolving disputes on the merits."  Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc., 2016
18  WL 7479368, at *4 n.9 (C.D. Cal. Aug. 10, 2016) (internal quotations marks and citation
19  omitted.).  Had plaintiff filed a motion for default judgment, instead of waiting more than five
20  months, the court would be more inclined to grant plaintiff's request for attorneys' fees.  The
21  parties' prior negotiations, and defendant's apparent desire to litigate this matter militate against
22  awarding fees.  See id.  Accordingly, plaintiff's request is DENIED.

23  **CONCLUSION**

24  For the foregoing reasons, it is HEREBY ORDERED that:

25  1.  Defendant's motion to set aside the clerk's entry of default (ECF No. 12) is
26      GRANTED; the default entered March 10, 2020 is VACATED.

27  /////

28  /////

6

2. Defendant shall file an answer within ten (10) days of the date of this order.

Dated:  October 5, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.2187