ROBERTA STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
JAMES H. BAKER, SBN 291836 (CA)
MARIKO ASHLEY, SBN 311897 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (650) 684-0950
Fax No. (415) 522-3425
james.baker@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> ELITE WIRELESS GROUP, INC., and WIRELESS WORLD LLC d/b/a EXPERTS CHOICE, <br><br> Defendant. | Case No.:  2:19-cv-02187-MCE-CKD <br><br> **EX PARTE APPLICATION TO SET TRIAL DATE AND RELATED DEADLINES** |

Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) submits the following *Ex Parte* Application and [Proposed] Order requesting that the Court set a trial date and related deadlines in this case with respect to whether Defendant Wireless World is liable as a successor to Defendant Elite Wireless Group, Inc. (Elite). The Court has not issued a scheduling order since Defendant Wireless World appeared for the first time in this matter by filing its Answer on August 15, 2023. (ECF 50) Now that Wireless World has appeared in this matter, good cause exists to allow the Parties to conduct further discovery, prepare dispositive motions, and resolve the issue of successor liability.

///

**BACKGROUND**

1.    Plaintiff EEOC filed its initial Complaint against Defendant Elite Wireless Group, Inc. (Elite) on October 29, 2019, alleging that Elite violated Title VII of the Civil Rights Act of 1964 when it failed to take reasonable steps to stop its Store Manager from making unwanted sexual comments and sexually assaulting a female salesclerk. (ECF 1) The Court issued its Initial Pretrial Scheduling Order on October 30, 2019, setting various deadlines including for a Rule 26(f) conference, fact and expert witness discovery, and dispositive motions. (ECF 4)

2.    On April 8, 2022, after unsuccessful efforts to meet with Defendant Elite concerning the Initial Pretrial Scheduling deadlines, the EEOC moved *ex parte* for an order extending the Initial Pretrial Scheduling deadlines (ECF 30), which the Court granted on August 9, 2022 (ECF 40).

3.    On May 31, 2022, Elite's Counsel moved to withdraw as counsel (ECF 34) which the Court granted on August 8, 2022 (ECF 39). The Court cautioned Defendant Elite that "as a business entity it cannot make any further appearance in this matter without counsel appearing on its behalf" and directed Elite to retain new counsel. (ECF 39) To date, Elite has failed to retain new counsel or appear in this matter.

4.    After the Court extended the discovery deadline on August 1, 2022, the EEOC engaged in discovery efforts with third parties, including 14 subpoenas and numerous efforts to meet and confer with the subpoenaed third parties to resolve deficiencies without intervention by the Court. (*See* ECF 46-1, ¶ 3.)

5.    On January 23, 2023, before Wireless World was added as a party to this case, the EEOC issued a subpoena to Wireless World seeking information pertaining to successor liability. Wireless World never responded to the EEOC's subpoena. (Ashley Decl. ¶ 3.)

6.    On March 1, 2023, Plaintiff EEOC filed a First Amended Complaint which added Wireless World as a defendant and alleged that Wireless World is liable in this matter under the principles of successor liability. (*See* ECF 42 ¶¶ 6-17.)

7.    On June 29, 2023, the EEOC again moved *ex parte* for an order extending the Initial Pretrial Scheduling deadlines so that it could complete its discovery in anticipation of filing a motion for default judgment (ECF 46), which the Court granted on July 17, 2023 (ECF 48). The Court's

1    scheduling order set a deadline to amend or supplement the pleadings by December 1, 2023, the

2    deadline to complete non-expert discovery by January 30, 2024, and the deadline to file motions

3    related to fact discovery by February 15, 2024. (*Id*.)

4           8.    On August 15, 2023, Wireless World first appeared in this matter by filing its Answer

5    to the First Amended Complaint. (ECF 50)

6           9.    On November 13, 2023, Plaintiff EEOC moved for Default Judgment against

7    Defendant Elite based on its failure to answer the First Amended Complaint or appear in this matter

8    (ECF 53). The Motion for Default Judgment is currently pending before Magistrate Judge Carolyn

9    K. Delaney.

10          10.    Since August 2023, the EEOC and Wireless World have been in communication

11    about the grounds for asserting successorship liability against Wireless World, and related discovery.

12    (Ashley Decl. ¶ 4.) On December 28, 2023, the EEOC issued Requests for Production of Documents

13    to Wireless World which sought additional documents relating to successor liability, to which

14    Wireless World has not yet responded. (Ashley Decl. ¶ 5.)

15    **<u>EFFORTS TO STIPULATE</u>**

16          11.    Elite Wireless remains without replacement counsel and is prohibited from

17    participating in the lawsuit. (ECF 34; ECF 39)

18          12.    The EEOC met and conferred with Wireless World in an attempt to stipulate to the

19    case schedule. (Ashley Decl. ¶¶ 6-9.) On January 9, 2024, James Baker and Mariko Ashley, Counsel

20    for EEOC, spoke with Karla Kraft, Counsel for Wireless World, to discuss the issue of successor

21    liability, including the EEOC's outstanding discovery requests relating to successor liability.

22    Counsel for EEOC asked if Wireless World would be amenable to stipulating to extend the case

23    deadlines, and Counsel for Wireless World responded that she needed to confirm with her client.

24    (Ashley Decl. ¶ 6.)

25          13.    On January 11, 2024, Counsel for EEOC sent a draft stipulated case schedule to

26    Counsel for Wireless World. (Ashley Decl. ¶¶ 7, 9, Ex. A.)

27          14.    On January 17 and 19, 2024, Counsel for EEOC followed up via e-mail with Counsel

28    for Wireless World to confirm whether it would agree to the stipulated case schedule. (Ashley Decl.

1 | ¶¶ 7, 9, Ex. A.)

2 |      15.    On January 22, 2024, Counsel for Wireless World responded, "We are attempting to

3 | coordinate with Wireless World, and should have a response soon regarding whether the company is

4 | willing to stipulate to move the case schedule.  If you feel you need to file [a] motion before we can

5 | substantively respond, I understand, and we will respond or oppose the motion accordingly. I do

6 | believe, however, that we should have a response within the next day or two." (Ashley Decl. ¶¶ 7, 9,

7 | Ex. A.)  Counsel for EEOC confirmed that they would wait until close of business on January 24,

8 | 2024 to get Wireless World's confirmation on the stipulated case schedule. (*Id.*)

9 |      16.    On January 26, 2024, Counsel for EEOC left a voicemail for Counsel for Wireless

10 | World indicating that the EEOC would plan to file an *ex parte* motion if Wireless World would not

11 | stipulate to the case schedule. (Ashley Decl. ¶ 8.)

12 |      17.    On January 31, 2024, Counsel for Wireless World confirmed that Wireless World

13 | "declines to stipulate to an extension of time for the case deadlines." (Ashley Decl. ¶ 9, Ex. A.)

14 | **<u>RELIEF REQUESTED</u>**

15 |      18.    The EEOC now requests the Court set the case deadlines as follows:

16 |

17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |

| Event | Proposed Deadline |
|---|---|
| Discovery Cutoff | September 10, 2024 |
| Disclosure of Expert Witnesses | October 15, 2024 |
| Disclosure of Expert Rebuttal Witnesses | November 5, 2024 |
| Dispositive Motions | November 7, 2024 |
| Motions in Limine | February 4, 2025 |
| Joint Pretrial Statement | February 11, 2025 |
| Pretrial Conference | February 18 , 2025 |
| Jury Trial (3-5 Days) | March 17-21, 2025 |

26 |      19.    Good cause exists for granting the relief requested because, now that Wireless World

27 | has appeared in the case, the parties need additional time to complete discovery concerning the

28 | allegations against Wireless World in preparation for motion practice and/or otherwise resolving the

1    case.

2           20.    Alternatively, the EEOC requests that the Court issue a scheduling order after

3    consulting the Parties' attorneys at a scheduling conference. Fed. R. Civ. P. 16(b)(1)(B).

4

5    Respectfully submitted,

6    DATED this 31th day of January, 2024.

7

8    By: _/s/ Mariko M. Ashley_____

9

10   ROBERTA L. STEELE                          KARLA GILBRIDE
     Regional Attorney                          General Counsel

11
     MARCIA L. MITCHELL                         CHRISTOPHER LAGE
12   Assistant Regional Attorney                Deputy General Counsel

13   JAMES H. BAKER                             Office of the General Counsel
     Senior Trial Attorney                      131 "M" Street NE

14                                              Washington, D.C. 20507
     MARIKO M. ASHLEY
15   Trial Attorney

16
     U.S. EQUAL EMPLOYMENT OPPORTUNITY
17   COMMISSION
     San Francisco District Office
18   450 Golden Gate Ave., 5th Floor West
     P.O. Box 36025
19   San Francisco, CA 94102

20   *Attorneys for Plaintiff EEOC*

21

22

23

24

25

26

27

28