ROBERTA STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
JAMES H. BAKER, SBN 291836 (CA)
MARIKO ASHLEY, SBN 311897 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (650) 684-0943
Fax No. (415) 522-3425
mariko.ashley@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>    vs.<br><br>ELITE WIRELESS GROUP, INC., and WIRELESS WORLD LLC d/b/a EXPERTS CHOICE,<br><br>            Defendant. | Case No.:  2:19-cv-02187-MCE-CKD<br><br>**EEOC'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION TO SET TRIAL DATE AND RELATED DEADLINES** |

1        Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) requests that the Court
2   set trial and related deadlines to enable the EEOC to develop evidence of Defendant Wireless
3   World's (Wireless World) status as a successor to Defendant Elite Wireless (Elite) in this matter
4   involving uncontested allegations of the violent sexual harassment of Elite's teenaged employee at
5   the hands of her supervisor. Good cause exists to extend the case deadlines as no scheduling order
6   has been issued and no trial date has been set since Wireless World first appeared in this matter on
7   August 15, 2023. (ECF 50)

8        Contrary to Wireless World's assertion, the EEOC has been actively litigating this case.
9   Because the EEOC could not issue discovery to Elite due to its failure to retain replacement counsel,
10  the EEOC served and negotiated responses to 14 subpoenas to third parties to identify successor(s)
11  to Elite, including a subpoena to Wireless World. (Declaration of Mariko Ashley, "Ashley Decl."
12  ¶ 2) Based on information obtained by subpoena, the EEOC then filed a First Amended Complaint
13  on March 1, 2023 which alleges that Wireless World is Elite's successor. (ECF 42) The EEOC also
14  filed a Motion for Default Judgment (Motion) against Elite on November 13, 2023, which is pending
15  before Magistrate Judge Carolyn K. Delaney. (ECF 54) The Motion seeks $10,403.90 in backpay
16  with prejudgment interest, $100,000 in emotional distress damages and punitive damages, and
17  injunctive relief against Elite. (ECF 53-1) The Motion also clarified that "Defendant Wireless World
18  has answered the First Amended Complaint, so the EEOC is not seeking a default judgment against
19  it. However, the EEOC will continue to seek monetary and injunctive relief against Wireless World
20  as a successor to Elite based on any underlying award of injunctive relief against Elite." (*Id*. at p. 21
21  (citing *E.E.O.C. v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1092 (6th Cir. 1974)).  On
22  December 6, 2023, Magistrate Delaney issued an order vacating the hearing on the EEOC's motion
23  and ordering oppositions to be filed no later than December 19, 2023. (ECF 58)

24       The EEOC served interrogatories and requests for production on Wireless World on the issue
25  of successorship on December 28, 2023, after it failed to oppose the Motion for Default Judgment.
26  (Ashley Decl. ¶ 3) But Wireless World has stonewalled the EEOC's attempts to obtain information.
27  To date, it has produced only six documents. (*Id*.) And despite repeated requests by the EEOC,
28  Wireless World did not confirm its agreement to accept service of a subpoena for documents and/or

1  testimony of Owner and CEO Kristian Allos until January 31, 2024. (*Id.*)

2  Wireless World argues that dismissal is appropriate because the Court has previously granted
3  the EEOC's prior *ex parte* applications to extend the case deadlines. But those *ex parte* applications
4  had nothing to do with Wireless World. Both applications were decided before Wireless World
5  appeared. The Court granted them upon a showing of good cause due to: (1) Elite's failure to
6  participate in a Rule 26(f) conference and stipulate to case deadlines, ostensibly because of its
7  corporate suspension (*See* ECF 30); and (2) both Defendants' failure to timely file responsive
8  pleadings to the First Amended Complaint and the EEOC's anticipated requests for entry of default
9  and motions for default judgment (*See* ECF 46).

10  Here, additional time is needed for discovery, dispositive motions, and trial on the issue of
11  whether Wireless World is a successor to Elite, and therefore liable for monetary relief to the
12  aggrieved employee and injunctive relief. Dismissal of this action would be inappropriate as the
13  EEOC has been actively litigating this matter and public policy favors disposition of cases on their
14  merits. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) ("Dismissal is a harsh penalty
15  and is to be imposed only in extreme circumstances." (internal citation omitted)); *Nealey v.*
16  *Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir. 1980) ("[O]nly
17  unreasonable delay will support a dismissal for lack of prosecution.") Moreover, the EEOC cannot
18  know the extent of Wireless World's potential liability as a successor until Magistrate Delaney rules
19  on the EEOC's Motion for Default Judgment against Elite. Because good cause exists to set trial and
20  related case deadlines with respect to Wireless World's liability as a successor to Elite, the EEOC
21  respectfully requests that the Court enter the dates in its [Proposed] Order, or issue a scheduling
22  order after consulting with the Parties' attorneys at a scheduling conference per Fed. R. Civ. P.
23  16(b)(1)(B).

24  ///
25  ///
26  ///
27  ///
28  ///

Respectfully submitted,

DATED this 14th day of February, 2024.


By:  */s/ Mariko M. Ashley*

| | |
|---|---|
| ROBERTA L. STEELE<br>Regional Attorney | KARLA GILBRIDE<br>General Counsel |
| MARCIA L. MITCHELL<br>Assistant Regional Attorney | CHRISTOPHER LAGE<br>Deputy General Counsel |
| JAMES H. BAKER<br>Senior Trial Attorney | Office of the General Counsel<br>131 "M" Street NE<br>Washington, D.C. 20507 |
| MARIKO M. ASHLEY<br>Trial Attorney | |

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102

*Attorneys for Plaintiff EEOC*