1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9              EASTERN DISTRICT OF CALIFORNIA
10
11 | U.S. EQUAL EMPLOYMENT             No. 2:19-cv-02187-MCE-CKD
   | OPPORTUNITY COMMISSION,
12
13 |                Plaintiff,          **SUPPLEMENTAL PRETRIAL
   |                                    SCHEDULING ORDER**
14 |       v.
15 | ELITE WIRELESS GROUP, INC., and
   | WIRELESS WORLD LLC dba EXPERT
16 | CHOICE,
17 |                Defendants.

18         On the Court's own motion, Order filed at ECF No. 66, is STRICKEN.  Pursuant to

19 the provisions of Rule 16 of the Federal Rules of Civil Procedure, IT IS HEREBY

20 ORDERED:

21 **I.      DISCOVERY**

22         The parties are ordered to meet and confer as required by Federal Rule of Civil

23 Procedure 26(f) regarding their discovery plan on or before March 29, 2024.  A

24 Scheduling Conference will not be set by this Court.

25 ///

26 ///

27 ///

28

1   All discovery, with the exception of expert discovery, shall be completed no later

2   than September 10, 2024.  In this context, "completed" means that all discovery shall

3   have been conducted so that all depositions have been taken and any disputes relative

4   to discovery shall have been resolved by appropriate order if necessary and, where

5   discovery has been ordered, the order has been obeyed.  All motions to compel

6   discovery must be noticed on the magistrate judge's calendar in accordance with the

7   Local Rules.[1]

8   **II.      DISCLOSURE OF EXPERT WITNESSES**

9   Disclosure of expert witnesses shall be completed by October 15, 2024.  All

10  counsel are to designate in writing and serve upon all other parties the name, address,

11  and area of expertise of each expert that they propose to tender at trial not later than

12  sixty (60) days after the close of discovery.  The designation shall be accompanied by a

13  written report prepared and signed by the witness.  The report shall comply with Federal

14  Rule of Civil Procedure 26(a)(2)(B).

15  Disclosure of expert rebuttal witnesses shall be completed by November 5, 2024.

16  Any party may designate a supplemental list of expert witnesses who will express an

17  opinion on a subject covered by an expert designated by an adverse party.  The right to

18  designate a supplemental expert for rebuttal purposes only shall apply to a party who

19  has not previously disclosed an expert witness on the date set for expert witness

20  disclosure by this Order.

21  Failure of a party to comply with the disclosure schedule as set forth above in all

22  likelihood will preclude that party from calling the expert witness at the time of trial.

23  ///

24  ///

25  ///

26  ///

27  _____

28  [1] A copy of the current Local Rules is available at http://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/

An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) good cause for the party's failure to designate the expert witness in accordance with this Order; (b) that the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this Order, an "expert" is any person who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, and 705, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).

Each party shall identify whether a disclosed expert is percipient, retained, or both.  It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed.  Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and given their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

Counsel are instructed to complete all discovery of expert witnesses in a timely manner in order to comply with the Court's deadline for filing dispositive motions.

///

///

///

///

///

3

1    **III.    DISPOSITIVE MOTIONS**

2            The parties shall file dispositive motions no later than November 7, 2024.  All

3    papers should be filed in conformity with the Local Rules.  Absent leave of the Court, all

4    issues the parties wish to resolve on summary judgment must be raised together in one

5    (1) motion or cross-motion.  Should the parties wish to file additional motions for

6    summary judgment, they <u>must</u> seek leave of the Court.

7            All purely legal issues are to be resolved in timely pretrial motions.  When

8    appropriate, failure to comply with Local Rules 230 and 260, as modified by this Order,

9    may be deemed consent to the motion and the Court may dispose of the motion

10   summarily.  With respect to motions for summary judgment, failure to comply with Local

11   Rules 230 and 260, as modified by this Order, may result in dismissal for failure to

12   prosecute (or failure to defend) pursuant to this Court's inherent authority to control its

13   docket and or Federal Rule of Civil Procedure 41(b).  Further, failure to timely oppose a

14   summary judgment motion[2] may result in the granting of that motion if the movant shifts

15   the burden to the nonmovant to demonstrate that a genuine issue of material fact

16   remains for trial.

17           The Court places a page limit for points and authorities (exclusive of exhibits and

18   other supporting documentation) of twenty (20) pages on all initial moving papers, twenty

19   (20) pages on oppositions, and ten (10) pages for replies.  Sur-replies are viewed with

20   disfavor and will only be considered upon a showing of good cause.   All requests for

21   page limit increases must be made in writing with a proposed order setting forth any and

22   all reasons for any increase in page limit at least fourteen (14) days prior to the filing of

23   the motion.

24           The parties are directed to the Court's website for available hearing dates and

25   Judge England's standard procedures.  (www.caed.uscourts.gov – select "Judges" –

26   select "Judge England" – select "Standard Information").

27   _____

28           [2] The Court urges any party that contemplates bringing a motion for summary judgment or who
must oppose a motion for summary judgment to review Local Rule 260.

Citations to the Supreme Court Lexis database shall include parallel citations to the Westlaw database.

The parties are reminded that a motion in limine is a pretrial procedural device designated to address the admissibility of evidence.  The Court will look with disfavor upon dispositional motions presented at the Final Pretrial Conference or at trial in the guise of motions in limine.

The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the Court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

The Court will submit, without oral argument, all pretrial civil motions upon filing.  The opposition or statement of non-opposition, and reply due dates shall be filed in accordance with the original motion hearing date.  If the Court determines that oral argument is needed it will be scheduled at a later date.  Any party may request oral argument by filing a separate request that explains why oral argument would be helpful.  Additionally, if requested by a non-moving party on a motion for summary judgment, oral argument will be granted.  If the Court grants a request for oral argument or *sua sponte* decides to hear oral argument, the Court will issue an order setting forth the date and time of the oral argument.

## IV. TRIAL SETTING

The parties are ordered to file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving this Court's ruling(s) on the last filed dispositive motion(s).  If the parties do not intend to file dispositive motions, the parties are ordered to file a Joint Notice of Trial Readiness not later than thirty (30) days after the close of the designation of supplemental expert witnesses and the notice must include statements of intent to forgo the filing of dispositive motions.

///

///

///

1   The parties are to set forth in their Notice of Trial Readiness, the appropriateness

2   of special procedures, whether this case is related to any other case(s) on file in the

3   Eastern District of California, the prospect for settlement, their estimated trial length, any

4   request for a jury, and their availability for trial.  The parties' Notice of Trial Readiness

5   Statement shall also estimate how many court days each party will require to present its

6   case, including opening statements and closing arguments.  The parties' estimates shall

7   include time necessary for jury selection, time necessary to finalize jury instructions and

8   instruct the jury.

9   This Court is in session for jury selection, opening statements, presentation of

10  evidence, closing arguments, and instruction of the jury Monday through Wednesday,

11  only.  Jury deliberations only are Monday through Friday if necessary.

12  After review of the parties' Joint Notice of Trial Readiness, the Court will issue an

13  order that sets forth dates for a final pretrial conference and trial.  The parties should be

14  prepared to submit discovery documents and trial exhibits electronically in PDF format.

15  **V.   SETTLEMENT CONFERENCE**

16  If the parties agree to a settlement conference, a magistrate judge will be

17  randomly assigned to the case to preside over the settlement conference.  If the parties

18  specifically request that the assigned District Judge or Magistrate Judge conduct the

19  settlement conference, the parties shall file the appropriate waiver of disqualification in

20  accordance with Local Rule 270(b).  If the parties elect to participate in the Voluntary

21  Dispute Resolution Program (VDRP), a stipulation of election is required pursuant to

22  Local Rule 271.

23  In accordance with Local Rule 160, counsel are to immediately file a notice of

24  settlement or other disposition of this case.

25  Dated:  February 27, 2024

26

27  MORRISON C. ENGLAND, JR.
    SENIOR UNITED STATES DISTRICT JUDGE

28